(February 28, 1925.)

S. H. MITCHELL, Respondent, v. FIRST NATIONAL BANK OF CALDWELL, Appellant.

[234 Pac. 154.]

CROSS-EXAMINATION OF HANDWRITING EXPERT.

Permitting an expert on handwriting, on cross-examination, to be shown a number of checks purporting to be signed by the person whose signature is in dispute, and not otherwise in the case, and requiring the opinion of the witness as to the identity of such signature with the one in dispute, *held* to be harmless error, and waived where such witness had previously identified the signature in dispute as genuine, and such checks afterwards were admitted in evidence with the consent and at the request of the appellant.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. B. S. Varian, Judge.

Action for recovery of money on deposit. Judgment for plaintiff. *Affirmed.*

Walter Griffiths, for Appellant.

Where exhibits comprise a number of purported checks, and without further identification the witness was required to give his opinion as to the identity of the signature, this was clearly error, and served to prejudice, at least to some degree, the minds of the jurors. (*McNair v. Commonwealth,* 26 Pa. 388; *Glenn v. Roosevelt,* 62 Fed. 550.)

Defendant's proposed instruction number 4 is a proper and correct statement of the law, applicable to the evidence received in this case, and should have been given by the court. (*Chicago, B. & Q. Co. v. Pollock,* 195 Ill. 156, 62 N. E. 831; *Dodge v. Reynolds,* 135 Mich. 692, 98 N. W. 737.)

Defendant's proposed instruction number 7 is a proper and necessary instruction in relation to the burden of proof of the facts and issues established by the pleadings and should have been given. (*Kiesel v. Bybee,* 14 Ida. 670, 95 Pac. 20; *Jackson Paper Mfg. Co. v. Commercial Nat. Bank,* 99 Ill. App. 108.)

Frank T. Wyman, for Respondent.

Checks that had been paid by the appellant bank and which bore the purported signature of the respondent, none of them being directly involved in the case, were admissible in evidence. (*Browning v. Gosnell,* 91 Iowa, 448, 59 N. W. 340; *Travellers Ins. Co. v. Sheppard,* 85 Ga. 751, 12 S. E. 18; *Groff v. Groff,* 209 Pa. 603, 59 Atl. 65.)

A repetition of the same instruction, even when it states the law correctly, is objectionable. (38 Cyc. 711.)

An instruction not applicable to the facts of the case is properly refused. (38 Cyc. 1617.)

BABCOCK, District Judge.—This action was brought by the plaintiff to recover of the defendant bank the sum of $602.85, which he claims he had on deposit with the defendant on February 27, 1922, and for which he presented his check to the bank on that day and the defendant refused to pay.

The facts and circumstances surrounding the controversy, as appears from the record, are that in the month of October, 1920, the plaintiff, who resided at Boise, Idaho, was introduced to a party who represented himself to be E. I. Ormiston, and thereafter during the months of October, November and a part of December the plaintiff and said Ormiston became acquainted, through the playing of social games of cards, and upon an occasion in December, Ormiston accompanied the plaintiff to Caldwell, where they called at several business houses and then went to the defendant bank where the plaintiff had an account, and plaintiff there introduced Ormiston to the assistant cashier of the bank.

About two weeks after this visit to Caldwell the plaintiff left for California, and on the same or the next day following the plaintiff's departure Ormiston presented to the bank a sight-draft on the Nebraska City National Bank, of Nebraska City, Nebraska, purporting to be indorsed by the plaintiff, for the sum of $600, which draft was paid by the assistant cashier of the defendant bank to Ormiston. The draft was put through the regular course and payment of the same was refused by the Nebraska bank, and the same was protested for nonpayment and returned to the defendant bank, whereupon it charged the amount thereof, and protest fees, to the account of the plaintiff.

The plaintiff, in his complaint, alleges that on December 20, 1920, he had on deposit with the defendant bank the sum of $1,213.09. That on that day the defendant charged his account with the sum of $602.85, being the amount of a certain sight-draft theretofore paid by said bank to E. I. Ormiston, drawn upon the Nebraska City National Bank, which draft the defendant claims was not paid by the drawee, and

40 Idaho—30

which draft, defendant claims, was indorsed by the plaintiff. The plaintiff further alleges that the said draft was not, in fact, indorsed by him, nor was his name signed thereon by his authority or with his consent, and that he did not consent that the same should be charged to his account.

In its answer the defendant admits all of the allegations of the plaintiff's complaint except those relating to the indorsement of the draft, which it denies.

So, the only issue raised by the pleadings is whether the indorsement of the plaintiff's name upon the draft was genuine or a forgery.

The evidence was conflicting. The respondent testified that he did not indorse the draft nor authorize his name to be signed thereon.

For the appellant the assistant cashier of the bank, two other bankers who qualified as handwriting experts, and an expert in handwriting, Earl J. Glade, identified the disputed signature on the draft as genuine.

The jury returned a verdict in favor of the plaintiff for the amount of his demand, and judgment was entered.

The first assignment of error relates to the admission in evidence, over appellant's objection, of Exhibits "D" to "P," inclusive, and to certain questions, objections and ruling made with respect thereto. These exhibits consisted of a number of checks purporting to bear the signature of the respondent, and not involved in the case, and were finally admitted in evidence without objection on the part of the appellant. In fact, when respondent offered Exhibit "R" in evidence counsel for appellant objected to its admission unless Exhibits "C" to "P" were also admitted.

C. S., sec. 7971, provides:

"Whenever the genuineness of a writing is at issue, any writing admitted or proved to be genuine is competent evidence as an exemplar for the purpose of comparison with the disputed writing: *Provided,* That such writing so admitted or proved to be genuine shall in no way refer or relate to any matter then in issue."

The appellant, by consenting to the admission of these exhibits, waived further identification thereof. They were properly admitted by the trial court.

The rulings and objections referred to in connection with these exhibits occurred during the cross-examination of Mr. Hendon. He was the first witness called by the appellant, and in his direct examination testified that he was the assistant cashier of the defendant bank and had been employed in the bank for about seventeen years; that during practically the whole of that time he had been passing upon and identifying signatures on different papers; that he was familiar with the signature of the respondent Mitchell. He was shown the sight-draft in question and identified the signature as that of the respondent. On his cross-examination by the attorney for the respondent he was shown these checks purporting to bear the signature of Mitchell, and asked if the same were genuine, and, over the objection of appellant, was permitted to answer and did answer that he had no opinion in that respect.

There is an irreconcilable conflict of authority as to the right, on cross-examination, to interrogate an expert witness on handwriting as to the identity of handwriting of instruments not properly identified as genuine, and not involved in the case, with the writing in dispute, or to require the witness to make comparisons in that respect.

In the syllabus by the court, in *Bane v. Gwinn*, 7 Ida. 439, 63 Pac. 634, it was held:

"In this state, in an action involving the genuineness of a signature, only such papers as are admitted in evidence in the case for other purposes, and such as are admitted to be genuine, should, except in very exceptional cases, be admitted for the purpose of comparison."

But these Exhibits "C" to "P" having been finally admitted in evidence without objection, it would seem that if there was any error committed in permitting the witness Hendon to be cross-examined in regard to the same on the ground that they had not been properly identified, and the genuineness of the same was a matter wholly collateral to the issue in the case, the same was waived and the appellant

could in no way have been prejudiced by such cross-examination.

The second error complained of is the refusal by the court to admit in evidence Defendant's Exhibit 14, for Identification, and the striking out by the court of an answer made by the witness, Meholin, in regard to a certain counter-check indorsed by the plaintiff. After answering the question the witness added, "Mitchell was a little careless with his signature," and this part of the answer was, on motion of the attorney for the respondent, stricken out as not responsive to the question, and the court did not err in striking it out.

As to the ruling of the court in refusing to admit in evidence Defendant's Exhibit 14, marked for identification, no such ruling is assigned as error.

The third error assigned has reference to certain objections sustained by the court to questions propounded by attorney for appellant to witness Meholin relative to a change made by the respondent in his signature after the occurrence in regard to the draft in question. We have examined the record in that respect and have concluded that such evidence was not material and not calculated to throw any light upon the question of the genuineness of respondent's signature upon the sight-draft.

The fourth assignment is in regard to the ruling made by the court in refusing to permit witness Earl J. Glade to testity as to the identity of the signature of the respondent to the draft in question. The question was asked of the witness by appellant on redirect examination. The witness had already testified on his direct examination as to the identity of the signature, and the question was leading and not proper redirect examination, and the court properly sustained the objection. Attorney for appellant does not discuss this assignment in his brief.

The fifth assignment has to do with the ruling of the court in striking out from the evidence of the witness Hendon his testimony as to the conversation that occurred between him and the respondent at the time respondent introduced Ormiston to him, which was about two weeks prior to the time the sight-draft was presented by Ormiston. This part of Hen-

don's testimony was admitted over the objection of respondent and was afterwards, on motion, stricken out. It was the ordinary talk that would take place on such an occasion. Nothing was said that related to the sight-draft, or the responsibility of Ormiston, or that could have in any way been understood as creating any liability on the part of the respondent for the acts of Ormiston. Such evidence was wholly irrelevant and immaterial, and the ruling of the court was proper.

The sixth error assigned relates to the admission of Respondent's Exhibit "Q." The record does not disclose that any objection was made to this exhibit at the time it was offered.

Error is assigned to the giving of instructions Nos. 5, 6 and 13 and the refusal to give instructions Nos. 1, 4, 7, 9, 10 and 11, proposed by the appellant.

We have examined instructions Nos. 5, 6 and 13, and are of the opinion that they correctly state the law applicable to the one issue in the case.

Defendant's proposed instructions Nos. 1, 4, 7 and 10 were fully covered by instructions given.

Defendant's proposed instruction No. 9 is as follows:

"You are instructed that if you believe from the evidence that the signature on the back of the draft, marked Defendant's Exhibit No. 1, was made by the plaintiff, then your verdict should be for the defendant, and it is immaterial whether the plaintiff knew, at the time the signature was written, the nature of the instrument on which he was writing his name."

This instruction had no application to the facts in the case. No evidence was introduced to which the latter part of the instruction could relate or apply. This instruction was properly refused.

Defendant's proposed instruction No. 11 is as follows:

"You are instructed that if you believe from the evidence the plaintiff introduced one E. I. Ormiston to an officer of the defendant bank and represented to the said officer that said Ormiston was the person he claimed himself to be, then

you are instructed that the defendant had a right to rely upon said representations.''

This instruction was properly refused.

The testimony of the cashier of the bank as to the conversation had at the time of the introduction of Ormiston to him by the respondent, having been by the trial court properly stricken, the mere fact of the introduction itself would not justify the giving of this instruction.

Finding no prejudicial error in the record, the judgment of the lower court is affirmed.

William A. Lee, C. J., and Wm. E. Lee and Budge, JJ., concur.

Givens, J., concurs in the result.